UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-11-107 |
| | § | |
| TROY D. KEATHLEY | § | |

## ORDER

On this day came on to be considered (1) Defendant Troy D. Keathley's Motion to Dismiss (D.E. 4) and (2) Plaintiff United States' Motion for Summary Judgment (D.E. 6). For the reasons stated herein, Defendant Troy D. Keathley's Motion to Dismiss is DENIED (D.E. 4) and Plaintiff United States' Motion for Summary Judgment is GRANTED (D.E. 6).

**I.  Jurisdiction**

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345, as this civil action was commenced by the United States.

**II.  Factual and Procedural Background**

This is an action to collect on student loan debt incurred by Defendant Troy D. Keathley, and owed to Plaintiff United States. The debt owed the United States, as stated on the Certificate of Indebtedness is $4,241.29,[1] to which additional amounts for attorney's fees and costs are added, for a total of $5,376.29. (D.E. 1 at 1; D.E. 1-1.)[2] According to the Certificate of Indebtedness, on or about February 7, 1989, Defendant

---

[1] The Complaint and summary judgment motion state that the principal due on the loan is $1,812.69. The Certificate of Indebtedness, however, demonstrates that the principal is in fact $1,812.60. (D.E. 1-1.)

[2] This amount is composed of: (1) $1,812.60 (current principal), (2) $2,428.69 (interest as of September 7, 2010 (capitalized and accrued)), (3) $350.00 (administrative fees, costs, penalties), and (4) $785.00 (attorney's fees). This is the amount remaining after a $300 credit. (D.E. 1 at 1.)  It does not include an amount of $77.00 for process server fees. (D.E. 6.)

executed a promissory note to secure a loan of $2,625.00 from "Farmers and Merchants (Colby, KS)." (D.E. 1-1 at 1.) The loan was disbursed on February 22, 1989, with interest accruing at a rate of 8% per annum ($0.40 per day). (Id.) Plaintiff states that demand has been made on Defendant to pay the indebtedness, and Defendant failed to pay. Plaintiff seeks the amounts due plus pre-judgment interest through the date of judgment, as well as administrative, service, and recording costs, and post-judgment interest, along with attorney's fees. (D.E. 1 at 2.)

Defendant answered on May 9, 2011 and filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19, arguing that this Court should dismiss this action for failure to join necessary and indispensible parties. (D.E. 4.) Defendant contends that the note at issue was sold to other financial institutions or collection agencies not named in this suit, "such that Farmers & Merchants (Colby, KS) was not the last party to own and attempt collection on this alleged indebtedness and the transactions recited in the Certificate of Indebtedness are not accurate and/or should not be binding against this Defendant . . . ." (D.E. 4 at 1.) Defendant also raised certain affirmative defenses and filed a counterclaim for fees and costs incurred in connection with defense of this lawsuit. (D.E. 4 at 2.)

On May 23, 2011, Plaintiff moved for summary judgment and responded to Defendant's Motion to Dismiss. (D.E. 6; 7.) Defendant has not filed a response to Plaintiff's summary judgment motion, and thus Plaintiff's motion is deemed unopposed. S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling twenty-one days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no

opposition). The Court first addresses Defendant's Motion to Dismiss, then considers Plaintiff's Motion for Summary Judgment.

### III. Discussion

#### A. Defendant's Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) may be brought for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 "allows both for the joinder of parties who should be present in order to have a fair and complete resolution of the dispute, and for the dismissal of lawsuits that should not proceed in the absence of parties that cannot be joined." Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd., 570 F.3d 219, 230-31 (5th Cir. 2009); Fed. R. Civ. P. 19(a), (b). A district court's decision regarding dismissal under Rule 12(b)(7) is reviewed under an abuse of discretion standard. HS Resources, Inc. v. Wingate, 327 F.3d 432, 438 (5th Cir. 2003).

"Determining whether an absent party is indispensable requires a two-part analysis. The court must first determine under Rule 19(a) whether the party is necessary to the suit and must therefore be joined if joinder is feasible. If the absent party is necessary but cannot be joined, the court must then determine under Rule 19(b) whether the party is indispensable. If so, the suit must be dismissed." Morgan v. Coushatta Tribe of Indians of Louisiana, 214 F.R.D. 202, 205 (E.D. Tex. 2001). There is an important distinction between a necessary party and an indispensable party, as the Fifth Circuit has explained:

> Rule 19 of the Federal Rules of Civil Procedure requires that if, as a matter of equity the court finds that the lawsuit cannot proceed without the absent party, then that party be considered indispensable and the case dismissed. If, however, the lawsuit can proceed, the party is only a

necessary one. Unless the court finds that a party is indispensable, therefore, it has no discretion, except in the most exceptional cases, to dismiss the case even if a necessary party cannot be joined.

Shelton v. Exxon Corp., 843 F.2d 212, 216 (5th Cir. 1988).

Rule 19(a) provides that a party is "necessary" if:

"(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). A court must only consider whether a party is "indispensable" under Rule 19(b) if it first finds that the party is "necessary" under Rule 19(a). See, e.g., Sorrels Steel Co., Inc. v. Great Southwest Corp., 906 F.2d 158, 168 (5th Cir. 1990) ("Since the City and its architect are not necessary parties under Fed. R. Civ. P. 19(a), they cannot be indispensable parties under Rule 19(b)."); James v. Valvoline, Inc., 159 F. Supp. 2d 544, 552 (S.D. Tex. 2001).

Here, Defendant argues that this action should be dismissed under Rule 12(b)(7) for failure to join Farmers & Merchants (Colby, KS) (and perhaps other entities) as necessary and indispensible parties. (D.E. 4 at 1.) Plaintiff responds that dismissal is improper because Farmers & Merchants is not a necessary party to this lawsuit, as the debt is now owed only to the United States Department of Education and complete relief is possible among the existing parties. (D.E. 7 at 2.)

As explained in the Certificate of Indebtedness, the original loan from Farmers & Merchants was guaranteed by the Higher Education Assistance Foundation ("HEAF") then reinsured by the Department of Education under loan guarantee programs provided by Title IV-B of the Higher Education Act of 1965, 20 U.S.C. § 1071 et seq. (D.E. 1-1.) When the borrower (Defendant) defaulted, the holder (Farmers & Merchants) filed a claim on the guaranty, and was subsequently paid a total of $2,091.99 by the guaranty agency (HEAF). The guarantor was then reimbursed by the Department of Education under its reinsurance agreement. Once the guarantor pays on a default claim, that entire amount paid becomes due to the guarantor as the principal. D.E. 1-1; 34 C.F.R. § 682.410(b)(4). When it was unable to collect the full amount due, the guarantor assigned its rights and title to the loan to the Department of Education, presently the plaintiff in this action. (D.E. 1-1.) As such, the Department of Education is the only entity entitled to sue on the indebtedness. Defendant has not provided any evidence to indicate that the Certificate of Indebtedness is inaccurate, or that the debt is now owed to an entity other than the Department of Education.

In light of the above, neither of the conditions for "necessary party" status under Rule 19(a) are present here. As the present Plaintiff is the only entity entitled to sue to collect on the loan, the court can accord complete relief among the existing parties, and need not join HEAF or Farmers & Merchants. Fed. R. Civ. P. 19(a)(1)(A). Further, neither HEAF nor Farmers & Merchants claim "an interest relating to the subject matter of the action." Fed. R. Civ. P. 19(a)(1)(B). Because these parties are not "necessary," the court need not consider whether they are "indispensable," and must deny Defendant's motion to dismiss pursuant to Rule 12(b)(7).

### B. Plaintiff's Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985).

To recover on a promissory note, the United States must establish that (1) Defendant signed the note; (2) the government is the current owner or holder of the note; and (3) the note is in default. United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001); United States v. Lewis, 2005 U.S. Dist. LEXIS 35267 (W.D. Tex. Dec. 5, 2005). Here, the United States has presented sufficient summary judgment evidence demonstrating (1) Defendant signed the note (D.E. 6-1; 6-5), (2) the United States is the current owner of the note (D.E. 6-1; 6-4), and (3) the note is in default (D.E. 6-1; 6-4; 6-6; 6-7.). Plaintiff has also established the total amount due on the note. (D.E. 6-4.)[3]

Defendant has not responded to Plaintiff's summary judgment motion, though he raised several affirmative defenses in his answer. These are (1) accord and satisfaction, (2) laches, (3) payment of indebtedness, (4) release after payment in full, and (5) statute of limitations. (D.E. 4 at 2.) These defenses fail as a matter of law. As an initial matter,

---

[3] According to the Certificate of Indebtedness and computer records, the principal amount of the loan was $1,812.60 (D.E. 6-4; 6-6), not $1,812.69 as stated in the Complaint and summary judgment motion. The Court considers this to be a typographical error, and the nine cent difference does not prevent issuance of summary judgment.

Congress has eliminated statute of limitations and laches defenses to student loan collection cases.  20 U.S.C. § 1091a(a)(2); Lawrence, 276 F.3d at 196 ("We . . . conclude that § 1091a eliminates all limitations defenses for collection of student debts.  Further, we adopt the district court's holding that § 1091a also extends to eliminate the equitable defense of laches.").  As for Defendant's claims of accord and satisfaction, payment, or release, he has not provided any evidence to support such affirmative defenses, nor does any of the evidence produced by Plaintiff potentially support such a position.  (See, e.g., D.E. 6-4; 6-6; 6-7.)  Because "the government produced sufficient evidence to satisfy its summary judgment burden, Defendant must 'set forth specific facts showing that there is a genuine issue for trial,' and he cannot simply 'rest upon the mere allegations or denials of the adverse party's pleading.'"  Lawrence, 276 F.3d at 197.  Defendant has not done so here.  See U.S. v. Durbin, 64 F. Supp. 2d 635, 636 (S.D. Tex. 1999) ("Evidence is not simply saying that something is true; evidence is specific facts of when, who, where, and how much as well as supporting records like canceled checks and tax returns.").

In light of the foregoing, the Court concludes that Plaintiff has proven its claim and is entitled to summary judgment.  Plaintiff is also entitled to reasonable attorney's fees and costs.  See, e.g., U.S. v. Benson, 2005 WL 1924357 (S.D. Tex. Aug. 11, 2005); Durbin, 64 F. Supp. 2d at 636 ("The law requires that there be a judgment for the government for the principal, interest, costs, and attorney's fees.").  Plaintiff's counsel has submitted an affidavit stating a reasonable attorney's fee of $785.00.  (D.E. 6-2.)  The Court finds this amount to be reasonable, and awards attorney's fees in this amount.

### IV. Conclusion

For the reasons stated above, Defendant's Motion to Dismiss is DENIED (D.E. 4), and Plaintiff's Motion for Summary Judgment is GRANTED (D.E. 6). Defendant's counterclaim for attorney's fees and costs is DISMISSED. It is adjudged that the United States shall recover from Troy D. Keathley:

```
CDCS No. 2011A022211
Current Principal                          $1,812.60
Interest on Principal (as of 9/7/2010)     $2,428.69
Administrative and Filing Fee              $350.00[4]
Process Server Fees                        $77.00
Attorney's Fees                            $785.00
Total Due                                  $5,453.29[5]
Interest Rate:        8.00 %
Daily Accrual:        $0.40
```

Post Judgment interest at 0.17 % per annum.

The Court will issue a separate Final Judgment.

SIGNED and ORDERED this 29th day of June, 2011.

_____
Janis Graham Jack
Senior United States District Judge

---

[4] Although the filing fee was waived in this action, collection of this amount is authorized under 28 U.S.C. § 2412(a)(2), which provides, "[a] judgment for costs, when awarded in favor of the United States in an action brought by the United States, may include an amount equal to the filing fee prescribed under section 1914(a) of this title. The preceding sentence shall not be construed as requiring the United States to pay any filing fee." 28 U.S.C. § 2412(a)(2).

[5] Plaintiff's Complaint states the amount owed to be $5,376.38, with additional amounts for, inter alia, "service and recording costs," which are stated to be $77.00 in Plaintiff's summary judgment motion. (D.E. 6 at 1.) The total calculated in the summary judgment motion, however, does not reflect this additional amount, as it calculates the total to be $5,376.38, rather than $5,453.38. As Plaintiff requested service costs in its Complaint, this amount is included in the total. The nine cent difference between the principal, as stated in the Complaint, and as reflected in the available evidence, has been subtracted.